Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAHAR REZAEI,<br>Plaintiff,<br>v.<br>CVS PHARMACY, INC.; and DOES 1 to 10,<br>Defendants. | Case No. 8:26-cv-2303<br>[Orange County Superior Court, Case No. 30-2026-01581849-CU-WT-CJC]<br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br>Trial Date: None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CVS Pharmacy, Inc. (“Defendant” or “CVS”) hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, on the following grounds:

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Sahar Rezaei (Plaintiff) and Defendant.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint. ***See* Ex. A at ¶ 4.**

3. CVS Pharmacy, Inc. is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Pharmacy, Inc. was a corporation organized under the laws of the State of Rhode Island, and at all material times CVS Pharmacy, Inc. has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about June 26, 2026, Plaintiff filed an action against CVS titled *Sahar Rezaei v. CVS Pharmacy, Inc., et al.* in the Superior Court of the State of California, County of Orange, Case No. 30-2026-01581849-CU-WT-CJC (the "State Court Action").

7. On or about July 21, 2026, Plaintiff personally served Defendant's registered agent and filed proof of service of summons in the State Court Action.

8. True and correct copies of the Summons and Complaint and Proof of Service of Summons served on CVS are attached hereto as **Exhibit A.**

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

9. In her Complaint, Plaintiff alleges the following causes of action: (1) Wrongful Termination in Violation of Public Policies; (2) Failure to Prevent and Stop Discrimination and Retaliation; (3) Whistleblower Retaliation; and (4) Discrimination for Lawful Off-Duty Conduct.

10. On August 17, 2026, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

11. The Summons, Complaint, Proof of Service of Summons, and Answer constitute the pleadings, process, and orders served upon or by Defendant in the State Court Action.

## III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS

12. The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Plaintiff is a Citizen of the State of California

13. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Orange County, within the meaning of 28 U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. ***See* Ex. A at ¶ 4**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

### B. CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island

14. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

15. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. ***See* Request for Judicial Notice ("RJN"), Ex. A.** CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. 28 U.S.C. § 1332(c); *Hertz Corp*., 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

16. CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

17. Therefore, for the purpose of determining jurisdiction, CVS Pharmacy, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island.

18. Accordingly, complete diversity exists between Plaintiff (California) and CVS Pharmacy, Inc. (Rhode Island).

### C. <u>The Court Can Disregard the "Doe" Defendants</u>

19. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants, 1-10 does not deprive this Court of jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

20. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

21. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff was entitled to any damages and that Plaintiff will be able to recover on any of her theories of recovery.

22. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**A. <u>The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails</u>**

23. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

24. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Chavez, 888 F.3d at 414.

**B. <u>Plaintiff Concedes the Amount in Controversy Exceeds $500,000</u>**

25. Plaintiff's own Complaint establishes that the amount in controversy exceeds the jurisdictional threshold. In the Prayer for Relief, Plaintiff expressly seeks "no less than $200,000" in economic damages, and "no less than $300,000" in non-economic damages. [Compl., Prayer for Relief.]

26. This express monetary demand satisfies the requirement under 28 U.S.C. § 1332(a) that the amount in controversy exceed $75,000, exclusive of interest and costs. In short, Plaintiff admits the sufficiency of the amount in controversy for purposes of removal.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**C. Economic Damages in the Form of Lost Wages**

27. Even apart from Plaintiff's concession that her damages exceed $500,000, the amount in controversy is readily satisfied based on the allegations in the Complaint.

28. Plaintiff seeks damages associated with alleged lost earnings. ***See* Ex. A at ¶¶ 9, 34, 47, 52, 53 and Prayer for Relief.** At the time of her separation (April 11, 2026), Plaintiff was employed as a Pharmacist, and her hourly rate was $71.59 per hour (making, on average approximately $2,863.60 per week). ***See* Declaration of Tiffani Engstrom at ¶ 3.**

29. By the time this case is statistically likely to be resolved at trial (October 2028, or approximately 26.8 months from the date of removal),[1] Plaintiff will have incurred significant damages—all of which must count toward the jurisdictional threshold—in alleged lost wages alone.[2]

**D. Attorneys' Fees**

30. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. ***See* Ex. A, ¶¶ 42, 47, 54 and Prayer for Relief**.

31. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 26.8 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $2,863.60 per week multiplied by the approximately 133 weeks between Plaintiff's separation of employment (April 2026) and trial (October 2028).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date.").

32. Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is highly likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

**E. Emotional Distress Damages**

33. Plaintiff also claims damages for emotional distress. ***See* Ex. A, ¶¶ 9, 34 and Prayer for Relief.**

34. A review of jury verdicts in California demonstrates that emotional distress awards in retaliation cases commonly exceed $75,000:

- ***Alvarado v. Federal Express Corp.***, 2006 WL 2861221 (N.D. Cal.): emotional distress damages of $250,000 in harassment, retaliation and constructive discharge case;
- ***Gibbs v. Boeing Satellite Systems, Inc.***, Los Angeles Superior Court Case No. BC277075 (verdict date of July 2004): pain and suffering award of $600,000 in discrimination and retaliation case; and

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

- ***Barkley v. Bank of the West***, Fresno County Superior Court Case No. 14-CECG-02986 (verdict date of March 17, 2017): pain and suffering award of $1,029,500 in discrimination and retaliation case.

35. Plaintiff's allegations that she was retaliated against, and ultimately terminated because of protected whistleblowing activity are similar to the issues in these cases. It is entirely conceivable that her emotional distress damages will far exceed the requisite $75,000 amount in controversy.

**F. <u>Punitive Damages</u>**

36. Plaintiff further seeks punitive damages against CVS, a company of considerable size and resources. ***See* Ex. A, ¶¶ 39, 43, 48 and Prayer for Relief.**

37. Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co*., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

38. Here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g., Sawyer v. Retail Data, LLC, No. CV 15-184-JVS (RNBx),* 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (holding amount in controversy requirement met partly because defendant "cite[d] to similar recent Orange County and Los Angeles County employment discrimination cases where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages"); *Stainbrook v. Target Corp.,* 2016 WL 3248665, at *4 (accepting defendant's argument that punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages); *Mitri v. Walgreen Co., Inc.,* No. 10CV00538(AMI), 2011 WL 7447636 (E.D. Cal. Nov. 15, 2011) (jury awarding $1.15 million in punitive damages in whistleblower suit similar to this one; *see also Ko v. The Square Grp.,* 2014 WL 8108413 (Los Angeles Superior Ct., June 16, 2014) (a Los Angeles jury awarded the

plaintiff $500,000 in punitive damages based on a wrongful termination claim); *Daoud v. Smith's Food & Drug Ctrs., Inc.,* No. BC124485, 1996 WL 526059 (Los Angeles Superior Ct., June 18, 1996) (awarding $75,000 for punitive damages in wrongful termination suit).

39. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. <u>REMOVAL IS TIMELY</u>

40. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date service was completed on Defendant CVS Pharmacy, Inc. 28 U.S.C. § 1446(b)(1); ***see*** **Ex. A**.

## VI. <u>CONCLUSION</u>

41. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

42. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: August 18, 2026 PAYNE & FEARS LLP

By: */s/ Leilani E. Jones*
LEILANI E. JONES

Attorneys for Defendant CVS PHARMACY, INC.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100